Date signed July 20, 2005



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| **In re:** | : | |
| **James Adeyemi** | : | Case no. 04-13729-PM |
| | | Chapter 13 |
| | : | |
| **Debtor.** | | |

### Memorandum of Decision

Debtor filed a Motion to Reconsider Order Denying Motion to Reconsider (the "Motion") on July 13, 2005, requesting that the Court reconsider its order denying Debtor's prior motion to reconsider the order confirming the plan in this case. For the reasons discussed below, Debtor's Motion is denied.

In this case, under the confirmed plan, Debtor is to pay $40.91 for the first twenty-four months, and $637.00 for the remaining thirty-six months. In addition, Debtor is to make payments to two secured creditors outside of the plan: "CitiFinancial" ($580 per month) and "Chrysler Financial" ($486 per month).[1] In the Motion, Debtor requests to modify the plan to pay $40.91 for sixty months.

---

[1] "Household" was listed as a secured creditor in Debtor's schedules, however Beneficial Mortgage Company filed a proof of claim, listing the debt as secured. By order of this court, Beneficial Mortgage Company's claim is now an unsecured claim.

The plan cannot be modified as requested by Debtor.  Such a modification would cause the plan to be underfunded.  Under 11 U.S.C. §1325(a)(4), a plan can only be confirmed if the value of the property to be distributed to unsecured creditors under the plan is not less than the amount that would be paid to the unsecured creditors if the estate were liquidated under chapter 7.  In this case, the record reflects that Debtor has enough equity in his home to require a one hundred percent payment to unsecured creditors in order to meet the requirements of the Bankruptcy Code.  Therefore, Debtor must make the payments required under the confirmed plan in order to continue in this bankruptcy case.

In addition, it should be noted that Debtor's payments to Chrysler Financial are short-term.  Under his contract with Chrysler Financial, payments will end in early 2006.  At that time, Debtor will have an additional $486 each month to put towards his plan payments, easing the burden of the increased plan payments in months twenty-five through sixty of the plan.

An appropriate order will be entered.


cc:     Debtor
        Chapter 13 Trustee
        Office of the United States Trustee

**End of Order**