Date signed December 15, 2005



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| IN RE: | : |
| | : |
| JAMES ADEYEMI | :   Case No. 04-13729PM |
| | :   Chapter 13 |
| Debtor | : |
| ------------------------------ | : |
| JAMES ADEYEMI | : |
| Movant | : |
| vs. | : |
| TREETOP CONDOMINIUM ASSN. | : |
| Respondent | : |
| ------------------------------ | : |

### MEMORANDUM OF DECISION

This case is again before the court in the ongoing dispute between the Debtor and the condominium association for his property. Debtor's motion seeks damages against Treetop Condominium Association ("the Association") on account of its willful violation of the automatic stay. It is true that the Association filed a Motion for relief from stay the court ruled upon at a hearing held on June 27, 2005, that the relief would be granted. However, in the absence of the presentation of an order implementing the court's ruling within 60 days, the Motion was dismissed for want of prosecution by an Order entered October 24, 2005. Thus, any action taken by the Association to collect condominium fees was in violation of the automatic stay and subjects the Association to damages. Future disputes may be rendered moot by a forthcoming foreclosure filed by the holder of the senior secured position on Debtor's condominium unit, CitiMortgage, Inc.

There is no question that the Debtor has failed to pay the expenses incurred for

condominium assessments make pursuant to Md. Real Prop. Code Ann. 11-110 (2003).  The Debtor unjustifiably refused to pay these assessments, contending that the assessments made upon him and his neighbors are unequal.  Such condominium assessments are generally governed by the area of the individual condominium unit so that the owner of a unit with one bedroom may pay a smaller assessment than the owner of a three-bedroom unit or a larger one-bedroom unit.  In any event, Treetop Condominium Association is the holder of an unsecured non-priority claim in the sum of $13,994.00.  In addition, for the reason described above, Mr. Adeyemi has failed to pay any condominium assessments since the date of the filing of this case.

The Debtor's motion for damages for willful violation of the automatic stay was unopposed.  Because of the Debtor's inability to speak, the court received his sworn allegation as to the truth of the Complaint filed October 14, 2005.  In addition, the court received in evidence photographs of the fence installed to deprive Debtor of access to his priority, the towing bills incurred, including a towing bill for parking on a neighbor's parking space with permission of that neighbor.  There is no question that this violation of the stay has been willful and done with the intent to injure the Debtor and cause him further discomfort, all in an effort to cause him to leave the premises.  All of this action has been done in the name of the Board of Directors of the Association.

The automatic stay is a cornerstone of the debtor protections provided by the bankruptcy laws.  *In re Avis*, 178 F.3d 718, 721 (CA4 1999) (citing *Midlantic Nat'l Bank v. New Jersey Dep't of Environmental Protection,* 474 U.S. 494, 503, 106 S.Ct. 755 (1986)). "'It gives the debtor a breathing spell from its creditors.  It stops all collection efforts, all harassment, and all foreclosure actions.  It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.'" *Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (CA4 1983) (*quoting* S. Rep. 989, 95th Cong., 2d Sess. 54-55, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5840-41)).  Because of the vital protection the automatic stay offers to debtors, a creditor must be extremely careful not to act in violation thereof.

"But the automatic stay ... must be enforced to provide any meaningful protection or incentive." *In re Curtis*, 322 B.R. 470, 483 (BC Mass. 2005).  Accordingly, inasmuch as there has been a flagrant disregard of the automatic stay, the Debtor is entitled to damages, including reimbursement of all expenses caused him on account of the violation.  Debtor is likewise entitled to the emotional damages that he has described that the court witnessed.  *See Fleet*

*Mortgage Group, Inc. v. Kaneb*, 196 F.3d 265, 269, 279 (CA1 1999).  An appropriate order will be entered.

cc:
James Adeyemi, 10117 Prince Place 403, Largo, MD 20774
Stanley S. Picket, Esq., 6411 Ivy Lane, Suite 305, Greenbelt, MD 20770
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718

**End of Memorandum**